## Chamberlain v. Chamberlain

*Jubelirer, Jubelirer & Smith,* for libellant.

PATTERSON, P. J., September 28, 1942.—This is a proceeding to annul a marriage contract alleged to have been entered into by libellant and respondent while both under the influence of intoxicating liquor.

The testimony of libellant is that they met in a social club in Hollidaysburg on a Sunday afternoon, where they engaged in drinking. A proposal was then made to go to Virginia and get married. About 5 o'clock in the evening libellant and respondent told their friends they were leaving to be married. They proceeded to Winchester, where they arrived later in the evening and spent the night. There they visited several tap-rooms and continued drinking. The next morning they visited the court house to secure a license to be married. Afterward they went to a hospital for a blood analysis, and later went to a preacher in Albin, Frederick County, Va., by whom they were married.

According to the testimony libellant and respondent

were able to drive a car from Hollidaysburg to Winchester, Va., a distance of over one hundred miles, without mishap. They traveled around considerably in the State of Virginia. They were married in Albin, Va., upon a license issued by the Clerk of Circuit Court in Frederick County, State of Virginia. They returned to Altoona Monday afternoon, and later libellant returned to her home in Hollidaysburg where she told her mother she thought she was married. None of the officials who keep the records in the State of Virginia, where the license was procured, the physician or nurses from the hospital in Winchester, or the minister in Albin, Frederick County, was called to support libellant that she and respondent were so much under the influence of intoxicating liquor that they did not know what they were doing. There is no allegation that libellant was the victim of any fraud, coercion, or duress. If they were drunk it was a voluntary condition.

Divorce, under the laws of Pennsylvania, can only be obtained upon certain specific statutory grounds. There being no statutory cause for divorce alleged, libellant relies upon the statute providing for annulment of the marriage. This position cannot be sustained for the reason that annulment can be decreed only when ". . . the said supposed or alleged marriage was absolutely void when contracted . . .": Act of July 15, 1935, P. L. 1013. It is not claimed that this marriage was absolutely void, as, at most, it is voidable only. Therefore, the statute providing for annulment of marriage is not available.

A careful consideration of all the testimony and the record in this case fails to sustain the libel. Therefore, the recommendation of the learned master is overruled and the petition is dismissed at the cost of libellant.

### Decree

Now, September 28, 1942, the libel is dismissed at the cost of libellant.